Patricia STANTON, Individually and as representative of the Estate of Scott Allen Mitchell, deceased, Plaintiff–Appellant,

v.

HARRIS COUNTY; Harris County Sheriff's Department; Mark Hokett, Acting individually and in his official capacity; Shirley Voisin, Individually and in her official capacity, Defendants–Appellees.

No. 04–20571.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided April 5, 2005.

John C. Osborne, William Jackson Robertson, Houston, TX, for Plaintiff–Appellant.

---

Michael Robert Hull, Assistant County Attorney, David M. Swope, County Attorney's Office for the County of Harris, Houston, TX, Lisa Rice Hulsey, George Andrew Nachtigall, Bruce S. Powers, Assistant County Attorney, for Defendants–Appellees.

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM: *

Patricia Stanton filed a 42 U.S.C. § 1983 suit against Harris County, the Harris County Sheriff's Department, Deputy Mark Hokett and Deputy Shirley Voisin, seeking damages arising out of the suicide of Ms. Stanton's son, Scott Mitchell, while he was being held in the Clear Lake Jail in Harris County, Texas. The district court granted summary judgment in favor of the defendants, dismissing Ms. Stanton's claims. Ms. Stanton now appeals.

We review the district court's decision to grant summary judgment *de novo*, drawing all inferences in favor of the nonmoving party. *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir.1992). In order to prevail on a § 1983 claim based on the alleged failure of law enforcement officials to prevent the suicide of a pretrial detainee, the plaintiff must demonstrate that the officials acted with deliberate indifference to the detainee's needs. *Flores v. County of Hardeman*, 124 F.3d 736, 738 (5th Cir. 1997). Viewing the evidence in the light most favorable to Ms. Stanton, we con-

clude that the actions of Deputies Hokett and Voisin did not rise to the level of deliberate indifference. It follows that Harris County cannot be liable. *See id.*

Accordingly, the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

